[No. 7198.  Decided April 22, 1908.]

C. H. STOHLTON et al., Respondents, v. KITSAP COUNTY, Appellant.[1]

HIGHWAYS—ESTABLISHMENT BY PRESCRIPTION—EVIDENCE—SUFFI-CIENCY.  Adverse user sufficient to establish a public highway by prescription is not shown, where it appears that the way was first built as a skid road on private property for private logging purposes, and afterwards used as a tram road for logging, and travel over it was similar to that over other logging roads generally regarded as private ways, and on the first claim to a public right, the owners erected gates and notices; since the use was only permissive in its character.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered July 27, 1907, upon findings in favor of the plaintiffs, after a trial on the merits, before the court without a jury, in an action to quiet title.   Affirmed.

C. D. Sutton and Brightman & Tennant, for appellant.

G. Ward Kemp, for respondents.

HADLEY, C. J.—This is an action to quiet title to real estate as against the county of Kitsap, and also to enjoin the county, its officers and agents, from trespassing, or inviting others to trespass, upon the land in question.   The county answered that it claims no interest in the land except by way

[1]Reported in 95 Pac. 268.

20—49 WASH.

of a public easement within that portion thereof over which it alleges that a public highway exists. It is alleged that the way was used by the public adversely, continuously, and un-interruptedly for more than ten years prior to the commencement of this suit, and that the plaintiffs have, without right, erected and fastened gates across the highway, and have thereby unlawfully obstructed the same, so that the public cannot use it. The cause was tried by the court without a jury, and resulted in a judgment for the plaintiffs, to the effect that they are the owners in fee and in possession of the whole of the land, that the claim that a public highway exists there is without right, and that the county is forever barred from asserting any claim against any part of the land. The county has appealed.

The errors assigned all involve the single contention that the judgment is not sustained by the evidence. The evidence discloses that what the county now asserts is a public highway was built as a skid road upon private property for private logging purposes many years ago. Afterwards strips of wood in the nature of stringers were placed upon the skids about eight feet apart, and with these as rails the way was used as a tramway for logging purposes. Persons traveled over it on foot, on horseback, and occasionally by team. The road terminated at tide water where the water is eight feet deep at high tide. The county never undertook to work or repair the road, although individuals did do some work upon it. The travel over it was in all respects similar to that over other logging roads in the same locality which were generally regarded by the public as private ways. For years this way has not been used for logging purposes. We think the evidence does not show an adverse user by the public which establishes a way by prescription. The travel over it began when it was used as a logging way, and it was then unquestionably regarded as a private way. The travel must have been permissive in its character then, and no action inconsistent with a mere permissive right or privilege to travel there

was taken by the traveling public or by the appellant's officers or agents, until in the month of February, 1906, when the county's officers first asserted that it was a public highway. Thereupon the respondents erected gates across the road and placed sign boards there with words thereon in printed form, in large, legible letters, as follows: "Private Property. Please close the Gates." These gates were maintained by respondents until in March, 1907, when they were locked and fastened by respondents. The county caused the fastenings to be broken and the gates to be removed in April following. We think it is evident that the public generally did not regard the travel there as adverse. This is shown by the fact that other parts of this same logging road have been closed up by private owners, and no protest or complaint was made by the public or by the county authorities.

We think the judgment of the trial court is well sustained by the evidence, and it is affirmed.

FULLERTON, MOUNT, CROW, and ROOT, JJ., concur.